IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRO. STEPHEN MICHAEL EL-BEY,

   Plaintiff,

v.                                                  Civil Action No.:  JRR-24-83

MELISSA MARIE PHIUU,

   Defendant.

**MEMORANDUM**

Stephen Michael El-Bey filed the above-entitled lawsuit on January 10, 2024.  El-Bey is a prisoner incarcerated at the Metropolitan Transition Center ("MTC") in Baltimore, Maryland. Although he did not pay the full filing fee and did not file a Motion to Proceed in Forma Pauperis, El-Bey will not be required to correct the deficiency as the complaint must be dismissed for failure to state a claim.

El-Bey accompanies his complaint with a ten-page statement regarding his beliefs as to why and how persons identifying themselves as Moorish Americans are not subject to the jurisdiction of the State courts for criminal prosecution.  He explains:

> Public hazard bonding of corporate agents, agencies Public Servants Public Subjects Public Officials are all required by federal state and municipal law to provide the names, addresses and the telephone numbers of their public hazard and malpractice bonding company and the policy number of the bond and if required a copy of the policy describing the bonding overage of their specific job performance and failure to provide this information constitute[s] corporate limited liability insurance fraud (15 USC.) and is prima facie evidence and grounds to impose a lien upon the official personally to secure their public oath and service of office (18 USC 912).

ECF No. 1-1 at 1.  He further asserts that once jurisdiction is challenged it "cannot be assumed and must be decided."  *Id*. at 2.  He then states that "all Government Entities and alleged private

for Profits corporations must be a creature of the American Constitution and this is a formal request and command for above listed corporations and Agents Agencies Officers Public Servants Public Subjects to produce for the record the physical documented Delegation of Authority to Proof of Jurisdiction as required by Law per Article III Section I of the Unted States Republic Constitution of North America." *Id*. According to El-Bey, the "Treaty of Peace and Friendship" entered into by the United States with the Moorish Americans from 1787 to 1836 is "valid against the United States under this Constitution as under the Confederation." *Id*. at 3. He gleans from this assertion that Moorish Americans are "Jus Sanguinis" and are "protected under International Law[,] The Treaty of Peace and Friendship 1787-1836 and the Zodiac Constitution." *Id*. at 4. He states that Moorish Americans' citizenship is not determined by their place of birth, but by being born to parents who are Moorish American. *Id*. El-Bey concludes that if any Moorish American claims to be kidnapped, held hostage, or any of their liberties are impaired, "lawsuit charges will be placed on the individual personally in his private corporations[,] corporate entities representing the individual in the civil suit amount of $300,000." *Id*. at 9.

In his complaint, El-Bey alleges that Defendant Melissa Marie Phiuu is "breaking the laws 25/7" and he does "not wish to participate in the breaking of the laws." ECF No. 1. He states he is charging her with armed robbery, "1st-degree felony Guns drawn on me with theft of over $110,000," conspiracy to commit fraud and extortion, identity theft, treason, denationalization and misrepresentation. *Id*. He also seemingly includes allegations of genocide, "warring against the people," human trafficking and racketeering. *Id*. El-bey references the same citations he includes with his ten-page document that accompanied his complaint. *Id*.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require this Court to conduct an initial screening of complaints filed by prisoners and to dismiss any complaint that (i) is frivolous or

malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez,* 140 S.Ct. 1721 (2020). Here, the complaint is deficient because the allegation that El-Bey is unlawfully detained is based on a theory that has been rejected by every court that has considered it, i.e., that because El-Bey identifies as Moorish American the State of Maryland may not prosecute him in the State courts for alleged criminal acts. *See El v. Mayor New York*, No. 13–CV–4079 (SLT) (CLP), 2014 WL 4954476, at *5 (E.D. N.Y. Sept. 30, 2014) (citation omitted); *see Bond v. N.C. Dep't of Corr.*, No. 3:14–cv–379–FDW, 2014 WL 5509057, at *1 (W.D. N.C. Oct. 31, 2014) (explaining that "courts have repeatedly rejected arguments . . . by individuals who claim that they are not subject to the laws of the . . . individual States by virtue of their 'Moorish American' citizenship"). "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented." *United States v. Benabe,* 654 F.3d 753, 767 (7th Cir. 2011); *see United States v. White*, 480 F. App'x. 193, 194 (4th Cir. 2012) ("Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a ... court's jurisdiction in criminal prosecutions....").

El-Bey's purported status as a Moorish–American citizen does not enable him to violate state laws without consequence. Thus, "the argument that a person is entitled to ignore the laws of the [State of Maryland] by claiming membership in the Moorish–American nation is without merit...." *El*, 2014 WL 4954476, at *5 (omission in original) (citation omitted) (internal quotation marks omitted), *see also Bey v. Genano*, No. PWG-16-cv-2800, 2017 WL 1315530, at *2 n.7 (D. Md. 2017) ("The legal assertions raised in the complaint and declaration involving [the

individual's] Moorish-American descent amount to nonsensical gibberish." (quoting *Fullard v. Maryland*, 2015 WL 1517393, at *1 n.1 (D. Md. Mar. 31, 2015))); *Bond v. N.C. Dep't. of Corr.*, No. 3:14-cv-379-FDW, 2014 WL 5509057 at *1 (W.D.N.C. Oct. 31, 2014) (stating that "courts have repeatedly rejected arguments . . . by individuals who claim that they are not subject to the laws of the . . . individual states by virtue of their 'Moorish American citizenship'"), *Hill-El v. Johnson*, No. TDC-18-1654, 2020 WL 6063469, at *3 (D. Md. 2020) (rejecting claim that Moorish American status bars state courts from exercising jurisdiction because they are not Art. III federal courts). As the Fourth Circuit Court of Appeals recently observed:

> Plaintiff's contention that the South Carolina family court has no authority over him because he is an "Indigenous American" who is not subject to state statutes is illogical and has no basis in the law. Plaintiff's argument simply defies the reality of a State's inherent power to enact legislation and the fundamental principles of comity and federalism upon which the governing institutions of this country are based.

*Cruel-El v. South Carolina*, No. 6:18-CV-1680-HMH-JDA, 2018 WL 3628844, at *4 (D.S.C. July 10, 2018), aff'd, 744 Fed. Appx. 185 (4th Cir. 2018).

When a complaint filed by a prisoner is dismissed in its entirety because it is frivolous, malicious, or fails to state a claim it qualifies as a "strike" under the provisions of 28 U.S.C. § 1915(g). *See Blakely v. Wards*, 738 F.3d 607, 610 (4th Cir. 2013) (dismissal of complaint on grounds enumerated in § 1915(g), and not procedural posture at dismissal, determines whether the dismissal qualifies as a strike). Because this complaint is dismissed for failure to state a claim, the dismissal constitutes a strike. El-Bey is reminded that under 28 U.S.C. § 1915(g) he will not be granted *in forma pauperis* status if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury."

Accordingly, by separate Order which follows, the complaint shall be dismissed for failure to state a claim.

___1.19.2024_____          _____/S/_____
Date                                Julie R. Rubin
                                    United States District Judge